UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| ANITA J. BURTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 4:25-CV-20 |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## **OPINION AND ORDER**

On April 24, 2025, Plaintiff brought this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner of Social Security. [Doc. 1]. Upon consent of the parties pursuant to 28 U.S.C. § 636(c), this Court has jurisdiction over this matter through entry of final judgment. [Doc. 10].

Claimant filed her brief on September 22, 2025, and contends that this matter should be remanded because the administrative law judge ("ALJ") erred in his conclusion regarding Claimant's residual functional capacity ("RFC") because he failed to explain how he arrived at the "midpoint" between the findings of the state agency reviewers and the consultative examiner as to Claimant's limitations for standing/walking. [Doc. 14, p. 8]. Claimant further asserts that the ALJ erred by failing to incorporate into Claimant's RFC the sitting restrictions imposed by the consultative examiner without addressing the restriction. *Id.* at 9. The Commissioner filed a response, arguing that the ALJ met his requirement to articulate his reasoning, and that his conclusion comported with the regulations for evaluating opinion evidence. [Doc. 16, p. 2-5]. Plaintiff also filed a Reply. [Doc. 17]. in which she responded to the arguments made by the Commissioner.

The Court then conducted a hearing in this matter by video on April 7, 2026, during which the Court addressed the parties' briefs. During the hearing, Daniel Brady, Esq., appeared and offered argument for Claimant and Sarah Preston, Esq. appeared and offered argument for the Commissioner. Following oral argument, the Court began issuing its ruling from the bench but determined that there was a need for the Court to further consider the evidence and arguments and provide its ruling fully in writing; therefore, this decision shall fully supplant any findings previously announced on the record.

## I.     APPLICABLE LAW – STANDARD OF REVIEW

A review of the Commissioner's findings is narrow. The Court is limited to determining (1) whether substantial evidence supported the factual findings of the Administrative Law Judge ("ALJ") and (2) whether the Commissioner conformed to the relevant legal standards. 42 U.S.C. § 405(g); *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). Put differently, it "must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn is one of fact for the jury." *Payne v. Comm'r of Soc. Sec.*, 402 F. App'x 109, 111 (6th Cir. 2010) (quoting *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 841 (6th Cir. 1986)).

The Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). At the same time, the Court may consider any evidence in the record, regardless of whether it was cited by the ALJ. *Huizar v. Comm'r of Soc. Sec.*, 610 F. Supp. 3d 1010, 1015 (E.D. Mich. 2022) (citing *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001)). A decision supported by substantial

evidence must stand, even if the evidence could also support a different decision. *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010) (citing *Blakely*, 581 F.3d at 405); *see also Richardson v. Saul*, 511 F. Supp. 3d 791, 797 (E.D. Ky. 2021). On the other hand, a decision supported by substantial evidence "will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 746 (6th Cir. 2007); *see also Ackles v. Comm'r of Soc. Sec.*, 470 F. Supp. 3d 744, 752 (N.D. Ohio 2020).

A claimant must suffer from a "disability" as defined by the Act to be eligible for benefits. "Disability" includes physical and mental impairments that are "medically determinable" and so severe as to prevent the claimant from (1) performing his past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. 42 U.S.C. § 423(a). A five-step sequential evaluation applies in disability determinations. 20 C.F.R. § 404.1520. The ALJ's review ends with a dispositive finding at any step. *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). A full review addresses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Part 404, Subpart P, Appendix 1?

4. Considering the claimant's Residual Functional Capacity ("RFC"), can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work, and considering the claimant's age, education, past work experience, and RFC, do significant numbers of other jobs exist in the national economy which the claimant can perform?

*See* 20 C.F.R. § 404.1520. A claimant has the burden to establish benefits entitlement by proving the existence of a disability. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). It is the Commissioner's burden to establish a claimant's ability to work at step five. *Id.*; *see also Jones*

*v. Berryhill*, 392 F. Supp. 3d 831, 855 (M.D. Tenn. 2019).

## II.     ANALYSIS

The Court will first address Claimant's contention that the ALJ erred by "splitting the difference" between the opinions offered by the state agency reviewers and the consultative examiner as to Claimant's ability to walk and stand. Both state agency reviewers, Kanika Chadhuri, M.D. and Glenda Knox-Carter, M.D., opined that Claimant could walk and stand for "[a]bout 6 hours in an 8 hour workday." Tr. 69, 90. At the same time, the consultative examiner, Woodrow Wilson, M.D., opined that Claimant could stand and walk for "two to four hours each" in a day. (Tr. 1387). In addressing Claimant's ability to stand and walk, the ALJ limited Claimant's standing and walking "to two to four hours out of an eight-hour workday, as a midpoint between the opinions of Drs. Chaudhuri and Knox-Carter… and Dr. Wilson's limitations." (Tr. 22).[1]

In considering this assignment of error by Claimant, the Court notes that a determination of how a claimant's conditions impact her ability to work is a determination to be made by an ALJ. *Reinartz v. Comm'r of Soc. Sec.,* 795 Fed.Appx. 448, 449 (W.D. Mich. 2020) (citing 20 C.F.R. §404.1527(d)(2)). This means that the ALJ was not required to impose limits on Claimant's ability to stand and walk that were in keeping with the medical opinions. At the same time, an ALJ must adequately explain why he chose to include the specific limitations that he did in formulating a claimant's RFC so that the Court can then conduct a meaningful review of the ALJ's decision. *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d at 409. Here, the ALJ's statement that he chose "a midpoint" between the opinions of the providers does not provide an adequate basis for explaining why the midpoint accurately reflected Claimant's ability to stand and walk. With that said, the Court

---

[1] The Commissioner suggests that in adopting a midpoint between the opinions of the state agency reviewers and the consultative examiner, the ALJ erred in Claimant's favor. More specifically, the Commissioner asserts that the ALJ misread Dr. Wilson's opinion as limiting Claimant to a **total** of 2-4 hours per day of standing and walking when Dr. Wilson instead opined that she could engage in each activity **separately** for 2-4 hours in a day. (Emphasis added). It appears that the Commissioner may be correct, but the ALJ's finding on that point is not sufficiently clear for the Court to make that determination with certainty.

is mindful that the ALJ went on to talk about why further limitations were not warranted. However, in reviewing the ALJ's reasoning, the Court finds that it is too thin to explain how he came to assign to Claimant the ability to walk and stand for 2 to 4 hours in an eight-hour workday. Had the explanation offered by the ALJ been just a bit more fulsome, given the zone of choice afforded to an ALJ's decision, the reasoning might have carried the day. The problem presented by the ALJ's failure to provide a more meaningful explanation of why he adopted the standing and walking limitations that he did for Claimant is further complicated by his failure to address the sitting limitations imposed by Dr. Wilson.

In addressing this second assignment of error raised by Claimant, the Court notes that Dr. Wilson opined that Claimant was limited to only 4-6 hours of sitting in an 8-hour workday. (Tr. 1387). However, in formulating hypotheticals for the vocational expert ("VE") to consider during Claimant's hearing, the ALJ asked the VE to assume that Claimant could sit for 8 hours in a day. (Tr. 61). The ALJ does not state anywhere in his opinion whether he considered Dr. Wilson's opinion as to Claimant's sitting limitations, and if he did so, why he chose to reject the limitation. While the Commissioner's counsel made a valiant attempt to explain why Claimant's ability to sit would not matter in this instance, the Court finds that such *post hoc* rationalization cannot carry the day given that "inaccuracies, incomplete analysis and unresolved conflicts of evidence can serve as a basis for remand." *Karge v. Comm'r of Soc. Sec.* 414 Fed.Appx 739, 749 (6th Cir. 2011).

### III. CONCLUSION

After considering the parties' filings, the oral arguments offered by their counsel, and the record in this matter, and for the reasons stated above, the Court finds that although the Court might otherwise have found that the ALJ's opinion was supported by substantial evidence, because he failed to conform to the relevant legal standards set forth in 42 U.S.C. § 405, this matter is **REMANDED** to the Commissioner of Social Security under sentence four of 42 U.S.C. § 405(g).

*See Shalala v. Schaefer*, 509 U.S. 292, 296, 113 S. Ct. 2625, 2629 (1993): *Melkonyan v. Sullivan*, 501 U.S. 89, 97-98, 111 S. Ct. 2157, 2163 (1991). The Court takes this action pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the Commissioner's decision with remand in Social Security actions under sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Upon remand, the Commissioner **SHALL** further develop the record if he finds it necessary to do so to determine whether Plaintiff is disabled within the meaning of the Social Security Act, offer Claimant the opportunity for a new hearing, explain with specificity the limitations he adopts in Claimant's ability to sit, stand and walk in light of the record evidence when formulating her RFC, and then issue a new decision.

  SO ORDERED:

          /s/Cynthia Richardson Wyrick
          United States Magistrate Judge