UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

ANITA J. BURTON,                              )
                                              )
             Plaintiff,                       )
                                              )
v.                                            )      No. 4:25-CV-20
                                              )
FRANK BISIGNANO,                              )
Acting Commissioner of Social Security,       )
                                              )
             Defendant.                       )

**<u>MEMORANDUM AND ORDER</u>**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the consent of the parties [Doc. 10]. Now before the Court is Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) [Doc. 30], in which Plaintiff requests that the Court enter an Order awarding $9,037.22 in attorney fees.

Plaintiff's case was recently remanded by this Court to the Commissioner for further administrative review pursuant to sentence four of 42 U.S.C. § 405(g) [Doc. 28]. Plaintiff subsequently filed the instant Motion as well as an affirmation of Plaintiff's counsel [Doc. 30-1], detailed time entries [Docs. 30-3, 30-4, 30-5], An Affirmation and Waiver of Direct Payment of EAJA Fees [Doc. 30-6], and a Memorandum in Support of Plaintiff's Motion [Doc. 30-6]. The Acting Commissioner has not filed a response, and the time for him to do so has now passed. Accordingly, Plaintiff's Motion is ripe.

I.     **EAJA Eligibility Requirements**

Four conditions must be met before fees will be awarded under the EAJA:

1.  Plaintiff must be a prevailing party;

2.  The Commissioner's position must be without substantial justification;

3. No special circumstances may exist which warrant denial of fees; and

4. The application for attorney fees must be filed within 30 days of the final judgment in the action.

28 U.S.C. § 2412(d)(1).

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders Plaintiff a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993); *Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 931 (6th Cir. 2017). Therefore, the Court finds the first condition for granting attorney's fees under the EAJA has been met. As to the second factor, under the EAJA, the Court cannot award attorney fees if the position of the government was "substantially justified." However, the Commissioner has the burden of proving that his position was substantially justified. *London v. Halter*, 203 F. Supp. 2d 367 (E.D. Tenn. 2001) (citing *Welter v. Sullivan*, 941 F.2d 674 (8th Cir.1991)). Here, because the Acting Commissioner did not file any type of response to Plaintiff's request for fees, he did not satisfy the burden of proving his position was substantially justified; thus, the Court finds that the second condition for granting attorney's fees under the EAJA has been met. The Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney's fees unjust. As such, the Court also finds that the third condition for granting attorney's fees under the EAJA has been met. Lastly, the Court observes that the instant motion was filed within 30 days of the final judgment in this matter, demonstrating that Plaintiff has met the fourth condition for granting attorney's fees under the EAJA. The Court now turns to the reasonableness of the attorney's fees requested.

## II.   Reasonableness of Attorney's Fees

The affidavit filed by Plaintiff's counsel included an itemized statement detailing the work performed in this case which totaled 38.6 hours with 28.2 of those hours at an attorney hourly rate of $255.90, 3.7 hours at an attorney rate of $262.23, and 6.6 of those hours at a paralegal hourly

rate of $125.00. [Doc. 30-1, p. 2]. Under the EAJA, reasonable attorney fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, . . . and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "In requesting an increase in the hourly-fee rate, [p]laintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.,* 578 F.3d 443, 450 (6th Cir. 2009). In order to prove an award in excess of $125 per hour, plaintiffs must "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1984)).

In support of the request for an increase in the hourly rate, Plaintiff's counsel notes the EAJA rate was last adjusted in 1996 and further advises the rates used in her calculations are the appropriate Consumer Price Index to use to adjust the statutory rate for inflation for this case, and notes that they were deemed reasonable in *Bumpase v. Comm'r of Soc. Sec*. No. 5:25-cv-00219-GFVT, 2026 WL 1602723, at *2 (E.D. Ky. June 4, 2026).

The Court further notes that the requested rate is in line with rates previously approved in this district in these types of cases. *See Humphreys v. Kijakazi*, No. 3:21-cv-234-DCP, 2022 WL 17573908, at *2 (E.D. Tenn. Dec. 9, 2022) (finding hourly rates for attorney of $196.00 and $206.00 reasonable); *Robinson v. Kijakazi*, No. 2:21-cv-133-TRM-JEM, 2022 WL 1613263, at *2 (E.D. Tenn. Apr. 29, 2022) (approving an hourly attorney rate of $207.00); *Rogers-Lamson v. Kijakazi*, No. 3:20-cv-223-CRW, 2022 WL 4597511, at *1-2 (E.D. Tenn. Mar. 11, 2022) (finding hourly rates of $194.00 for attorney and $75.00 for paralegal to be reasonable). The Court has considered the amount requested, the justification for the hourly rate provided, the Court's familiarity with rates for

attorneys in the area, and the Commissioner's lack of opposition, and determined that the fee requested is reasonable and in keeping with rates charged for similar services in this district.

### III. Conclusion

Based upon the foregoing, the Court finds that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) [Doc. 30] is well-taken and is **GRANTED**. The Court **ORDERS** an award of EAJA fees in the amount of **$9,037.22** in attorney's fees to be paid to Plaintiff under the EAJA, 28 U.S.C. § 2412(d).

In accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fee is payable to Plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States. If counsel for Defendant can verify that Plaintiff owes no pre-existing debt subject to the offset, Defendant will direct that the award be made payable to Plaintiff's attorney, and such payment should be delivered via check to Olinsky Law Group, 250 South Clinton St., Suite 210, Syracuse, NY 13202.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge